NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2579
_____

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT W. SWEET,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 07-cr-00268)
District Judge: Honorable William J. Nealon

_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2010

Before: SLOVITER and HARDIMAN, *Circuit Judges*
and POLLAK[*], *District Judge*.

(Filed: April 16, 2010)
_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

---

OPINION OF THE COURT

---

HARDIMAN, *Circuit Judge*.

Robert Sweet appeals his judgment of sentence following a guilty plea. We will affirm.

**I.**

Because we write for the parties, we recount only the essential facts. Until March 2006, Sweet served as Director of the Department of Public Works for the Borough of Taylor, Pennsylvania. Sweet's position allowed him to control which businesses and individuals were awarded public works contracts. In October 2005, a contractor informed the FBI that Sweet regularly accepted kickbacks from Borough contractors. Between October 2005 and February 2006, this cooperating contractor paid Sweet several thousand dollars in kickbacks during several meetings recorded by the FBI. When confronted by FBI agents in March 2006, Sweet admitted accepting illegal kickbacks for the previous five years. He also acknowledged receiving kickbacks from contractors who billed the Borough for work they never performed.

Sweet pleaded guilty to a single count of interfering with commerce by extortion under color of official right in violation of 18 U.S.C. § 1951. At sentencing, Sweet stipulated he had received between $10,000 and $30,000 in illegal kickbacks during the course of his scheme. Sweet did not object to the calculation of his advisory Guidelines

range of 37 to 46 months imprisonment. Recognizing Sweet's acceptance of responsibility and substantial assistance, the Government moved for a five-level downward departure. The District Court granted this motion, yielding a final Guidelines range of 21 to 27 months imprisonment. The District Court then granted Sweet's request for a downward variance and sentenced him to 18 months imprisonment.

**II.**

Sweet argues that his sentence is procedurally unreasonable because the District Court failed to consider the sentencing factors of 18 U.S.C. § 3553(a). The record demonstrates otherwise. The District Court began by considering Sweet's personal history and characteristics, noting that his advanced age, medical problems, and significant family and community support all supported a lenient sentence. *See* § 3553(a)(1). The District Court also explained that the nature and circumstances of the offense involved an abuse of public trust. *See id*. Such a serious offense, reasoned the District Court, required a sentence that would promote respect for the law, provide just punishment, and deter similar conduct by other public officials. *See* § 3553(a)(2)(A)-(B). The District Court further considered the various sentencing alternatives when granting both the Government's motion for a downward departure and Sweet's request for a variance. *See* § 3553(a)(3). Because the record reflects rational and meaningful consideration of the pertinent § 3553(a) factors, Sweet's sentence was not procedurally unreasonable. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

3

Sweet next contends that his sentence was substantively unreasonable because it was greater than necessary given the circumstances of this case and other sentencing alternatives, such as home confinement and probation. We have made clear, however, that "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id*. After granting Sweet a five-level downward departure and a downward variance, the District Court fully explained how his 18-month sentence reflected the considerations embodied in § 3553(a). Given the facts of this case, we cannot say that such a sentence was substantively unreasonable. *Id*. (quoting *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007)) ("Ultimately, '[t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'").

Having found no procedural or substantive error, we will affirm Sweet's judgment of sentence.